# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

CHANNY HENG, *et al.*,           Case No. 1:21-cv-806
     Plaintiffs,              Hopkins, J.
                                            Litkovitz, M.J.

      vs.

BUREAU OF CITIZIENSHIP AND           **ORDER**
IMMIGRATION SERVICES, *et al.*,
     Defendants.

Plaintiffs Channy Heng and her sons Vannak Sok, Vandet Sok, and Vandy Sok filed this action seeking review of the decisions by the United States Citizenship and Immigration Services (USCIS) and the Board of Immigration Appeal (BIA) to deny their Form I-130 (Petition for Alien Relative) and Form I-485 (Adjustment to Status to Lawful Permanent Residents). (*See* Doc. 1). This matter is before the Court on plaintiffs' motions for leave to conduct jurisdictional discovery (Doc. 13), to strike the declaration of Julie Decker in support of defendants' motion to dismiss (Doc. 14), and to cite additional case authority (Doc. 23). Defendants oppose each of these motions. (Docs. 19, 20, 24). Plaintiffs filed a reply memorandum in support of the latter motion. (Doc. 25).

## I.  Background

Plaintiff Channy Heng is a native of Cambodia, and she married Charles Otis Clay in January 2007. (Doc. 1 at PAGEID 3, ¶ 6). Ms. Heng and her three sons (plaintiffs Vannak, Vandet, and Vandy Sok) were admitted to the United States on K nonimmigrant status prior to the marriage. (*Id.* at PAGEID 4, ¶ 10).[1] On May 3, 2007, plaintiffs filed Form I-485s in order to

---

[1] Ms. Heng had a K-1 visa, which is available to the fiancée of a United States citizen to allow the visa holder to travel to the United States to marry. Ms. Heng's sons had K-2 visas, which are available to children of K-1 visa holders. *See generally*, *Visas for Fiancé(e)s of U.S. Citizens*, U.S. Citizen and Immigration Services,

adjust their status, which were denied in April 2012.  (*Id.*, ¶¶ 11, 14).[2]  Plaintiffs appealed the

decision to deny, but it was dismissed in October 2013.  (*Id.* at PAGEID 4-5, ¶¶ 15, 21).

In the meantime, in April 2013, Mr. Clay filed a Form I-130 for Ms. Heng.  (*Id.* at

PAGEID 5, ¶ 20).  In March 2017, USCIS denied this Form I-130, and Mr. Clay appealed.  (*Id.*

at PAGEID 6, ¶¶ 25-26).  In November 2019, USCIS requested remand of the case from the BIA

to the USCIS, which occurred in November 2020.  (*Id.* at PAGIED 6-7, ¶¶ 29, 33).

On or about February 2, 2018, while the BIA appeal was still pending, Mr. Clay

passed away and his I-130 petition automatically converted into a Form I-360 petition for the

benefit of the widow.  (*Id.* at PAGEID 7, ¶ 34).  In November 2021, USCIS denied Ms. Heng's

Form I-360.  (Doc. 11-2 at PAGEID 139, ¶ 14).[3]  Ms. Heng appealed this decision in December

2021, which was pending when plaintiffs filed the above-captioned lawsuit approximately two

weeks later in December 2021.  (*Id.*, ¶ 15; Doc. 11-3 (Notice of Appeal)).  That appeal has since

been dismissed.  (*See* Doc. 26-1 (BIA order of dismissal)).

In this lawsuit, plaintiffs challenge USCIS's "decision to deny [] the I-130 and I-485. . .

." (Doc. 1 at PAGEID 18).  Defendants moved to dismiss the complaint, arguing that it should

be dismissed under Rule 12(b)(1) because the pending administrative appeal deprived this Court

of subject matter jurisdiction, and plaintiffs' complaint failed to state claims for relief under Rule

12(b)(6).  (*See generally* Doc. 11).

### II.  Motion for leave to conduct jurisdictional discovery

Plaintiffs argue that "discovery is need[ed] and proper to produce evidence that

---

https://www.uscis.gov/family/family-of-us-citizens/visas-for-fiancees-of-us-citizens [https://perma.cc/BSX3-FMA2]**.**

[2] The parties dispute whether plaintiffs also filed Form I-130s at this time.  (*Compare id. with* Doc. 11-1 at PAGEID 131 & n.2 and Doc. 11-2 at PAGEID 138, ¶ 9).

[3] This information is from the declaration of Julie Decker, Field Office Director for USCIS's Cincinnati, Ohio office, which is attached in support of defendants' motion to dismiss.  Plaintiff's complaint does not otherwise describe what happened after conversion of the April 2013 Form I-130 into a Form I-360.

Defendants are subject to the jurisdiction of the Court" and that the way to accomplish this is "to order the Defendants to produce a complete and unredacted Certified Administrative Record (CAR) in the custody of the Defendants." (Doc. 13). Defendants argue that the motion must be dismissed because plaintiffs have not met their burden to show what discovery they need and why it is necessary.

The Sixth Circuit has explained the inquiry related to jurisdictional discovery as follows:

> Although it is true that plaintiffs "must be given an opportunity to secure and present relevant evidence to the existence of jurisdiction" when "a defendant challenges a court's actual subject matter jurisdiction," plaintiffs must do more than "merely assert" the need for discovery; they must "explain what evidence relevant to subject matter jurisdiction they [would be] denied from obtaining." *Gilbert v. Ferry*, 401 F.3d 411, 415 (6th Cir.), *on reh'g in part*, 413 F.3d 578 (6th Cir. 2005). A plaintiff is not entitled to discovery if she cannot, at a minimum, "offer any factual basis for [her] allegations" and give the district court "a reasonable basis to expect that . . . discovery would reveal" evidence that supports the claimed jurisdiction.

*C.H. By & Through Shields v. United States*, 818 F. App'x 481, 484 (6th Cir. 2020).

Plaintiffs' motion (Doc. 13) is denied. Plaintiffs fail to offer any detail regarding what they hope to learn from the CAR and how it would change the subject matter jurisdiction analysis—to the extent that analysis remains relevant (*see* Docs. 26, 27 (the parties' acknowledgment of the disposition of the administrative appeal)). Plaintiffs' conclusory assertion that they require jurisdictional discovery does not meet the burden set forth in *C.H. By & Through Shields*.

### III. Motion to strike declaration

Plaintiffs next argue that the Court should strike the declaration of Julie Decker, Field Office Director for USCIS's Cincinnati, Ohio office, which is attached in support of defendants' motion to dismiss, "until the underlying documents are produced." (Doc. 14 at PAGEID 150, citing Doc. 11-2). Plaintiffs argue that the declaration is "uncorroborated" because Ms. Decker

refers to several documents that are not attached to her declaration ("e.g. K-1 visas, I-485, I-130s etc."). (Doc. 14 at PAGEID 150). Defendants argue in response that the Court is free to rely on affidavits when considering a Rule 12(b)(1) motion, Ms. Decker's declaration is corroborated by the facts alleged in plaintiff's complaint, and plaintiffs' motion is simply a further unwarranted request for discovery.

While plaintiffs do not cite a legal basis for their motion, Rule 12(f) governs motions to strike and provides that on motion made by a party, the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f)(2). Striking a pleading is a drastic remedy, and "[m]otions to strike are viewed with disfavor and are not frequently granted." *ACT, Inc. v. Worldwide Interactive Network, Inc.*, 46 F.4th 489, 499 (6th Cir. 2022) (quoting *Operating Eng'rs Loc. 324 Health Care Plan v. G & W Const. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015)); *see also Mapp v. Bd. of Ed. of the City of Chattanooga, Tenn.*, 319 F.2d 571, 576 (6th Cir. 1963) (recognizing strike orders as a "drastic remedy to be resorted to only when required for the purposes of justice" or "when the pleading to be stricken has no possible relation to the controversy").

In view of the foregoing authority, plaintiffs' motion (Doc. 14) is denied. Ms. Decker's declaration is not the material contemplated by Rule 12(f)(2), and plaintiffs offer no authority otherwise to convince the Court that striking her declaration is warranted.

### III. Motion to cite additional case authority

Plaintiffs' next motion seeks to have the Court consider two Board of Immigration Appeals (BIA) decisions and two out-of-circuit decisions: *Matter of Le*, 25 I. & N. Dec. 541 (BIA 2011); *Matter of Sesay*, 25 I. & N. Dec. 431 (BIA 2011); *Carpio v. Holder*, 592 F.3d 1091 (10th Cir. 2010); and *Regis v. Holder*, 769 F.3d 878 (4th Cir. 2014). Plaintiffs argue that these

decisions demonstrate that plaintiffs Vannak, Vandet, and Vandy Sok have standing to bring claims and their claims are not barred by the statute of limitations.

Defendants argue that leave to present supplemental authority is not appropriate where that authority was available to the proponent prior to its briefing deadline—particularly where plaintiffs have offered no reason why they could not have presented these cases in their opposition to the motion to dismiss. Defendants also argue that these cases are irrelevant because their motion to dismiss raised defects in this Court's subject matter jurisdiction and the applicable statute of limitations, and the cases presented relate to the substantive merits of plaintiffs' claims.

In reply, plaintiffs argue the Court may consider supplemental authority as long as it does not raise new issues. Plaintiffs argue that the supplemental authority relates to the statute of limitations applicable to their claims. Plaintiffs also argue that they are not required to exhaust their claims, and their constitutional claims preserve the jurisdiction of this Court. Plaintiffs do not clearly explain how these supplemental cases relate to these arguments.

As best the Court can tell, plaintiffs offer these additional cases as part of their opposition to defendants' motion to dismiss. Under S.D. Ohio Civ. R. 7.2(a)(2), governing motions, "[n]o additional memoranda beyond [a memorandum in opposition and a reply memorandum] are permitted except upon leave of court for good cause shown." There is no good cause for consideration of this authority at this stage of the proceedings. In their motion to dismiss, defendants argue that plaintiffs Vannak, Vandet, and Vandy Sok "point[] to no agency decision issued within the six-year statute of limitations"[4] relating to them. (Doc. 11-1 at PAGEID 134).

---

[4] "[T]he six-year statute of limitations of section 2401(a) applies to actions brought pursuant to the APA." *Sierra Club v. Slater*, 120 F.3d 623, 631 (6th Cir. 1997). 28 U.S.C. § 2401(a) states: "Except as provided by chapter 71 of title 41, every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." 28 U.S.C. § 2401(a).

None of the cases raised in plaintiffs' motion discuss the statute of limitations at all.[5]  As it relates to defendants' pending motion to dismiss, there is not good cause to consider these additional authorities and plaintiffs' motion (Doc. 23) is denied.

For the foregoing reasons, plaintiff's motions for leave to conduct jurisdictional discovery (Doc. 13), to strike the declaration of Julie Decker in support of defendants' motion to dismiss (Doc. 14), and to cite additional case authority (Doc. 23) are hereby **DENIED**.

**IT IS SO ORDERED**.

Date: 8/22/2024

Karen L. Litkovitz
United States Magistrate Judge

---

[5] In *Matter of Le*, 25 I. & N. Dec. at 541, the BIA panel held that "to adjust status based on a K-2 visa, an alien derivative child must establish that he or she was under 21 years of age at the time of admission to the United States."  In *Matter of Sesay*, 25 I. & N. Dec. at 431, the BIA panel held that "an alien who entered the United States on a nonimmigrant K-1 fiancé(e) visa and met the condition of timely marrying the petitioning spouse remains eligible to adjust status when the marriage has ended."  In *Carpio v. Holder*, 592 F.3d 1091, 1093 (10th Cir. 2010), the court held that "a K-2 visa holder who timely applies for an adjustment of status under 8 U.S.C. § 1255(d) must be under twenty-one when he or she seeks to enter the United States, not when his or her subsequent application for adjustment of status is finally adjudicated."  Finally, *Regis v. Holder*, 769 F.3d 878, 884 (4th Cir. 2014), the Court followed the decision in *Matter of Le* but declined to hold that minor status should be determined as of the time of the K-2 visa application.