## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

|  |  |  |
|---|---|---|
| **CHANNY HENG**, *et al.*, | : | |
| | : | |
| *Plaintiffs*, | : | Case No. 1:21-cv-00806-JPH |
| | : | |
| v. | : | Judge Jeffery P. Hopkins |
| | : | |
| **UNITED STATES CITIZENSHIP AND** | : | |
| **IMMIGRATION SERVICES**, *et al.*, | : | |
| | : | |
| *Defendants*. | : | |

## OPINION AND ORDER

This matter comes before this Court on Defendants United States Citizenship and Immigration Services ("USCIS") and Board of Immigration Appeals' ("BIA") Motion to Dismiss ("Motion"). Doc. 11. For the reasons set forth below, the Motion is **DENIED**.

## I.    BACKGROUND

Plaintiff Channy Heng is a citizen of Cambodia. Doc. 1 ¶ 6. In 2004, she met her late husband, Charles Otis Clay, Jr., a United States citizen, while he was visiting Phnom Penh, Cambodia. *Id.* ¶¶ 39–40. Having decided to marry, the couple held a local marriage reception in Cambodia, with Ms. Heng's friends and family present. *Id.* ¶ 40. Mr. Clay then petitioned the U.S. Citizenship and Immigration Services (USCIS), an administrative agency within the Department of Homeland Security (DHS) responsible for adjudicating immigration petitions, *see* 8 U.S.C. § 1103(a), to permit Ms. Heng and her "three teenage children, [Plaintiffs] Vannack Sok, Vandy Sok, and Vandet Sok" could lawfully enter the United States. *See* Doc. 17, at 3; Doc. 1 ¶ 40.

On January 4, 2007, Plaintiffs entered the United States on K non-immigrant visas: Ms. Heng was admitted on K-1 status, which is available to the fiancée of a United States citizen "who seeks to enter the United States solely to conclude a valid marriage with the petitioner within ninety days after admission," 8 U.S.C. § 1101(a)(15)(K)(i), and her children were admitted on K-2 status, which is available to minor children of K-1 visa holders, *id.* § 8 U.S.C. § 1101(a)(15)(K)(iii). Doc. 1 ¶ 10. Shortly after Plaintiffs' arrival, on January 16, 2007, Ms. Heng and Mr. Clay officially married in Hamilton County, Ohio. *Id.* Having officially married, Ms. Heng then filed Form I-485 ("Application to Register Permanent Residence or Adjust Status") with USCIS.[1] *Id.* ¶ 11.

Approximately five years later, on or about April 18, 2012, USCIS denied Ms. Heng's I-485 application, (Doc. 1 ¶ 14; Doc. 17, at 13), finding that Ms. Heng "had not shown that [she] had entered into a bona fide marriage with Mr. Clay," and was therefore not eligible for adjustment of status ("2012 USCIS I-485 Denial"). *See* Doc. 17, at 13. Plaintiffs appealed the I-485 denial to the Board of Immigration Appeals ("BIA"), a U.S. administrative agency within the Department of Justice (DOJ) that reviews USCIS's decisions. *Id.* Ms. Heng filed the appeal by submitting Form EOIR-29 ("Notice of Appeal to the Board of Immigration Appeals from a Decision of a DHS Officer"), together with a 28-page supporting

--------

[1] Pursuant to 8 U.S.C. § 1255(d), after the marriage takes place, K-1 visa holders may adjust to Legal Permanent Resident ("LPR") "on a conditional basis," 8 U.S.C. § 1186a(a)(1). Once the alien becomes a conditional LPR, there is a two-year wait before the conditions on the permanent residency can be removed, and the alien spouse and petitioning spouse must jointly submit a petition requesting the removal of the conditional designation. *See* 8 U.S.C. § 1186a(c)(1)(A). If the joint petition is granted, the alien spouse becomes an LPR. *See* 8 U.S.C. § 1186a(c)(3)(B). If, however, the joint petition is denied, the alien spouse's conditional LPR status is terminated, and removal follows. *See* 8 U.S.C. § 1186a(c)(3)(C).

memorandum and at least two dozen exhibits, to the appropriate USCIS field office.[2] Doc. 1 ¶ 15. USCIS filed its response with the BIA on April 2, 2013, which included a record of proceedings ("ROP"). On April 9, 2013, the BIA notified USCIS that the ROP submitted is missing records for multiple alien numbers. *Id.* ¶ 61. When Plaintiffs attempted to file their reply brief to the BIA on April 12, 2013, the BIA rejected the mailing, explaining that "the appeal has never been docketed and the BIA showed no record of a pending appeal." *Id.* ¶ 18. According to Plaintiffs, it turns out that "the USCIS had failed to docket the appeal with the BIA one full year after [Plaintiff's] filing." *Id.* On October 29, 2013, the BIA dismissed the appeal for lack of jurisdiction ("2013 BIA I-485 Dismissal"). *Id.* ¶ 21.

Around the same time, on April 29, 2013, Mr. Clay also filed Form I-130 ("Petition for Alien Relative"), seeking to have Ms. Heng classified as the spouse of a U.S. citizen under 8 U.S.C. § 1154(b). *Id.* ¶ 20. Almost four years later, on March 10, 2017, USCIS denied the I-130 application ("2017 USCIS I-130 Denial"). *Id.* ¶ 25. Mr. Clay appealed the I-130 denial to the BIA and, while BIA's decision was pending, Mr. Clay passed away in February 2018. *Id.* ¶ 34. His death automatically converted the Form I-130 to a Form I-360 ("Petition for Widow(er) Alien").[3] *Id.* ¶ 34. Although Plaintiffs had filed a memorandum in support of their BIA appeal in May 2017, (*id.* ¶ 27), USCIS notified Plaintiffs in February 2018 that no such

---

[2] Although the appeal is decided by the BIA, the regulations require petitioner to send Form EOIR-29 and required documents to the local USCIS Field Office within 30 days from the notice of USCIS's denial. 8 CFR § 1003.3(a)(2). The petitioner may also file with a brief in support of the appeal. 8 CFR § 1003.3(c)(2). Once the petition record is complete, USCIS forwards the appeal to the BIA for adjudication. *See* Department of Justice, Executive Office for Immigration Review, Board of Immigration Appeals Practice Manual § 9.3(d).

[3] *See* 8 CFR 204.2(i)(l)(iv).

brief has been received. *Id.* 28. In response, Plaintiffs provided the certificate of service, dated May 2018. *Id.* USCIS then asked the BIA to remand the I-360 application for further administrative proceedings in September 2019, (*Id.* ¶ 29), citing "Mr. Clay's passing and the length of time the appeal had been with the BIA." Doc. 17, at 15. On November 17, 2020, a year later—or three years since the BIA appeal was first filed— the BIA granted USCIS's request and remanded the I-130 Application ("2020 BIA I-130 Remand"). Doc. 1 ¶ 33.

On November 15, 2021, USCIS denied the I-130 application ("2021 USCIS I-130 Denial"), concluding that Ms. Heng "failed to establish by the preponderance of the evidence that [she] and Mr. Clay entered into a bona-fide marital relationship." Doc. 17, at 19. On or about December 6, 2021, Ms. Heng appealed the I-130 denial to the BIA.[4] Doc. 11-3, at 1. Under the section of the EOIR-29 Form asking petitioners to "[s]pecify reasons for the appeal,"[5] Ms. Heng wrote: "The decision violates the Administrative Procedures Act. The decision is arbitrary and capricious, and contrary to law. The evidence in the record compels a grant of benefits sought." Ms. Heng also indicated that she "intend[s] to file a separate written brief or statement after filing this Notice of Appeal." Doc. 11-3 at 1.

On December 30, 2021, while their appeal to the BIA was still pending, Plaintiffs filed this action against USCIS and the BIA under the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 704, 706(1); the Declaratory Judgment Act, 28 U.S.C. § 2201-2202; the All Writs Act, 28 U.S.C. § 1651(a); and the Fourteenth Amendment to the United States Constitution,

---

[4] The appeal was processed by USCIS on December 14, 2021. Doc. 11-3 at 1.

[5] The same section in Form EOIR-29 further warns that "[i]f the factual or legal basis for the appeal is not sufficiently described, the appeal may be summarily dismissed." Doc. 11-3 at 1.

U.S. CONST. amend. XIV. *See* Doc. 1 ¶¶ 1–4. Specifically, Plaintiffs asserted that USCIS's denial of Plaintiffs' applications, and the BIA's related decisions, are arbitrary and capricious, contrary to law, and violate the Due Process clause and Equal Protection clause of the United States constitution. *Id.* ¶¶ 79–88. For relief, Plaintiffs sought an order declaring that the "USCIS decision to deny [] the I-130 and I-485" and "the deficiencies manifested by the BIA" were "(a) arbitrary and capricious, and/or (b) abuses of discretion, and/or (c) violate[] the Constitution of the United States." Doc. 1 at 18. They also asked that USCIS be ordered to "issue Green Cards to Plaintiffs" and further requested attorney's fees under the Equal Access to Justice Act, 5 U.S.C. § 504 and 28 U.S.C. § 2412. *Id.*

On March 7, 2022, Defendants moved to dismiss the complaint under Rule 12(b)(1), arguing that the then-pending administrative appeal deprived this Court of subject matter jurisdiction. *See generally*, Doc. 11-1. Defendants' motion also urged dismissal under Rule 12(b)(6) for failure to state a claim. *Id.* Plaintiffs have opposed the Motion (Doc. 15), and Defendants have replied (Doc. 21).[6] On August 9, 2022, Plaintiffs notified this Court that the

---

[6] Plaintiffs filed several other motions after Defendants moved to dismiss: a motion to conduct jurisdictional discovery and compel Defendants "to produce a complete and unredacted Certified Administrative Record (CAR)," (Doc. 13); to strike the declaration of Julie Decker, Field Office Director for USCIS's Cincinnati, Ohio office, that was attached in support of defendants' motion to dismiss (Doc. 14); and to cite additional case authority (Doc. 23). Magistrate Judge Karen L. Litkovitz denied all three motions on August 22, 2024. Doc. 32. As to jurisdictional discovery, Magistrate Judge Litkovitz reasoned that "Plaintiffs fail to offer any detail regarding what they hope to learn from the CAR and how it would change the subject matter jurisdiction analysis." Doc. 32. She likewise rejected Plaintiffs' argument that Ms. Decker's "uncorroborated" declaration should be stricken "until the underlying documents are produced," finding the request is "simply a further unwarranted request for discovery." Doc. 32 at 4. Plaintiffs' motion regarding additional cases—which Plaintiffs sought to introduce to bolster Ms. Heng's children's standing as Plaintiffs—also failed because "[n]one of the cases raised in plaintiffs' motion discuss the statute of limitations at all," which was the basis of Defendants' motion to dismiss plaintiff children's claims. *See* Doc. 32, at 5–6.

BIA "summarily dismissed" the appeal of the I-130 denial on August 4, 2022 ("BIA 2022 I-130 Denial"). Doc. 26.[7]

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) provides that a defendant may move to dismiss based on a court's lack of jurisdiction over the subject matter of the case. Jurisdiction in the federal courts is limited: it may be based on a federal question, which is one "arising under the Constitution, laws, or treaties of the United States," or on diversity of citizenship where the sum in controversy exceeds $75,000.  28 U.S.C. §§ 1331, 1332.  The plaintiff has the burden of proving subject matter jurisdiction when it is challenged under Rule 12(b)(1). *Rogers v. Stratton Indus.*, 798 F.2d 913, 915 (6th Cir. 1986).  "Where subject matter jurisdiction is challenged pursuant to Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir.1990) (citation omitted).

There are two types of motions to dismiss for lack of subject matter jurisdiction: facial and factual attacks. "A facial attack is a challenge to the sufficiency of the pleading itself." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir.1994). Upon facial attack, "the court must take the material allegations of the petition as true and construed in the light most favorable to the nonmoving party." *Id.* (citation omitted). "A factual attack, on the other hand, is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual

---

[7] The BIA's dismissal was pursuant to 8 CFR 1003.1(d)(2)(i)(A), which authorizes the BIA to summarily dismiss appeals where petitioner "fails to specify the reasons for the appeal" on the EOIR-29 form. *See* Doc. 26-1.

existence of subject matter jurisdiction." *Id.* "On such a motion, no presumptive truthfulness applies to the factual allegations, *see Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir.1990), and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.*

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted "is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Golden v. City of Columbus*, 404 F.3d 950, 958–59 (6th Cir. 2005). When evaluating such a motion, "[a]ll factual allegations in the complaint must be presumed to be true, and reasonable inferences must be made in favor of the non-moving party." *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). But the court need not accept unwarranted factual inferences. *Id.* Complaints must state "more than a bare assertion of legal conclusions to survive a motion to dismiss." *Horn v. Husqvarna Consumer Outdoor Products N.A., Inc.*, 2013 WL 693119, at *1 (S.D. Ohio Feb. 26, 2013) (internal citations omitted). A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The claim to relief must be "'plausible on its face,'" with "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A court ruling on a motion to dismiss "may consider materials in addition to the complaint if such materials are public records or are otherwise appropriate for the taking of judicial notice." *New Eng. Health Care Emps. Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003). Such materials include public records, matters of which a court may take

7

judicial notice, and letter decisions of governmental agencies, particularly when authenticity is not in dispute. *See Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir.1999); *Clark v. Walt Disney Co.*, 642 F. Supp. 2d 775, 783 (S.D. Ohio 2009). Courts may also consider extrinsic materials to the extent they "fill in the contours and details" of a complaint so long as they add nothing new. *Yeary v. Goodwill Indus.-Knoxville, Inc.*, 107 F.3d 443, 445 (6th Cir. 1997).

## III.    LAW AND ANALYSIS

Defendants urge dismissal of Plaintiff's claims on several grounds.  First, they argue that the Complaint should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction, because Plaintiffs do not challenge any "final" agency action within the meaning of the APA.  Doc. 11-1, at 1. They also argue that Defendants fail to state an APA claim for the same reason, and further contend that Plaintiffs' APA claims are time-barred. *See id.* at 6-7. Before addressing jurisdiction and sufficiency of Plaintiffs' pleadings, this Court briefly reviews the relevant statutory scheme governing APA claims in the immigration context.

### A.  Statutory Framework Governing Plaintiffs' APA Claims

The Administrative Procedure Act ("APA"), 5 U.S.C. § 500 *et seq.,* authorizes "[a] person suffering legal wrong because of agency decision, or adversely affected or aggrieved by agency action" to seek judicial review of the agency action. 5 U.S.C. § 702. Not all agency actions, however, are reviewable. Courts may not review agency decisions where "(1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by law." *Id.* § 701(a).  In other words, absent a statutory prohibition of judicial review on the challenged agency action or discretionary authority for such agency action, "the well-settled presumption in favor of judicial review" applies. *Jomaa v. United States*, 940 F.3d 291, 295 (6th Cir. 2019) (citing *Kucana v. Holder*, 558 U.S. 233. 251–252 (2010)).

The pertinent statutory provision governing judicial review of USCIS adjudications of immigration petitions is governed by 8 U.S.C. § 1252(a)(2)(B). The provision bars judicial review of only discretionary agency decisions. *Id.* So, if the challenged agency decision was one that Congress left to the government's discretion, it is not subject to judicial review. *See e.g., Jomaa*, 940 F.3d at 294. That the challenged USCIS denial is non-discretionary, however, does not end the inquiry. The agency action complained of must also be a "final" agency action. 5 U.S.C. § 704. Whether a "final" agency action issued under the APA also implicates the six-year limitations period, 28 U.S.C. § 2401. Generally, a right of action challenging administrative action "accrues" on the date of the final agency action. *See Harris v. FAA*, 353 F.3d 1006, 1010 (D.C. Cir. 2004).

For an agency action to be "final," the challenged decision must "(1) mark[] the 'consummation of the agency's decision-making process;' and (2) determine[] rights and obligations or occasions legal consequences." *Bangura v. Hansen*, 434 F.3d 487, 500-01 (6th Cir. 2006) (citing *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997); *Air Brake Sys., Inc. v. Mineta*, 357 F.3d 632, 639 (6th Cir. 2004)). *See also Franklin v. Massachusetts*, 505 U.S. 788, 797 (1992) ("The core question is whether the agency has completed its decision-making process, and whether the result of that process is one that will directly affect the parties.").

### B. Subject Matter Jurisdiction

Defendants argue that this Court lacks subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), over Plaintiffs' APA claims because the challenged agency actions—namely USCIS's denial of the I-130/I-360 applications and related BIA orders—are not "final" agency actions under the APA. Doc. 11-1, at 1. Although Defendants raise the same challenge in their Rule 12(b)(6) arguments, where a motion to dismiss presents alternative arguments,

the court must address subject matter jurisdiction first. *City of Heath v. Ashland Oil, Inc.*, 834 F. Supp. 971, 975 (S.D. Ohio 1993).

Defendants' reliance on Fed. R. Civ. P. 12(b)(1) is misplaced. As the Sixth Circuit has made clear, "[t]he APA is not a jurisdiction-conferring statute; it does not directly grant subject matter jurisdiction to the federal courts." *Jama v. Dep't of Homeland Sec.*, 760 F.3d 490, 494 (6th Cir. 2014). Rather, "the federal question statute, 28 U.S.C. § 1331, 'confer[s] jurisdiction on federal courts to review agency action, regardless of whether the APA of its own force may serve as a jurisdictional predicate.'" *Id.* (quoting *Califano v. Sanders*, 430 U.S. 99, 105 (1977)).

Because Plaintiffs invoke, 28 U.S.C. § 1331 (federal question jurisdiction) as a basis for subject matter jurisdiction (*see* Doc. 1 at ¶ 4), dismissal pursuant to Rule 12(b)(1) is improper.

### C. Sufficiency of Plaintiffs' APA Claims

Having established subject matter jurisdiction, this Court turns to whether Plaintiffs have stated a claim on the merits. *See Jama*, 760 F.3d at 494, n. 4. ("Because the APA does not confer jurisdiction, elements of a claim under the APA, including the final agency action requirement, are not jurisdictional . . . Accordingly, we address the final agency action requirement . . . where we consider whether [plaintiff] has a valid cause of action for his claims against Defendants.").

Defendants do not suggest that the process of adjudicating I-130 or I-360 applications is committed to agency discretion and thus exempted from the APA. *See* § 701(a)(2); *Sheldon v. Vilsack*, 538 F. App'x 644, 649 (6th Cir. 2013). Nor can they: The Sixth Circuit has observed that "'[d]eterminations regarding the validity of marriage for I–130 petition purposes are not

10

discretionary . . . and thus are subject to review by courts.'" *Adi v. United States*, 498 F. App'x 478, 481 (6th Cir. 2012) (quoting *Ayanbadejo v. Chertoff*, 517 F.3d 273, 278 (5th Cir.2008)).[8]

Rather, Defendants' qualm with the sufficiency of Plaintiffs' claims relate to: (1) the applicable statute of limitations under the APA; and (2) the "finality" of the agency actions that Plaintiffs challenge.[9] Specifically, Defendants argue that the two decisions[10] on Plaintiffs' I-485 applications in 2012 and 2013 fall outside the APA's six-year statute of limitations. The four decisions[11] on Ms. Heng's I-130 application between 2017 and 2021, on the other hand, are not "final" agency actions according to Defendants, because the BIA appeal was still pending at the time Plaintiffs sued in federal court. *See* Doc. 11-1, at 6–7.

### D. Statute of Limitations

Beginning with Defendants' statute-of-limitations argument, dismissal is warranted if "the allegations in the complaint affirmatively show that the claim is time-barred.'" *Lutz v. Chesapeake Appalachia, L.L.C.*, 717 F.3d 459, 464 (6th Cir. 2013) (quoting *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012)). When disputed issues of fact relate to accrual dates, however, statute-of-limitation defenses are more appropriately addressed at the summary

---

[8] *See also Ginters v. Frazier*, 614 F.3d 822, 827 (8th Cir.2010) ("district courts have jurisdiction to review a decision on the merits of an I–130 petition to classify an alien as a relative of a United States citizen"); *Ruiz v. Mukasey*, 552 F.3d 269, 275–76 (2d Cir.2009) (district court may properly exercise jurisdiction over USCIS's denial of a I–130 petition because the pertinent statutory provision does not contain language specifically rendering the determination to be within DHS's discretion).

[9] Though related, Defendants' motion does not challenge the sufficiency of Plaintiffs' claims under the Declaratory Judgment Act, 28 U.S.C. § 2201-2202; the All Writs Act, 28 U.S.C. § 1651(a); or the Fourteenth Amendment to the United States Constitution.

[10] 2012 USCIS I-485 Denial and 2013 BIA I-485 Dismissal.

[11] 2017 USCIS I-130 Denial; 2020 BIA I-130 Remand; 2021 USCIS I-130 Denial.

judgment stage or at trial. *See id.* (noting that a Rule 12(b)(6) motion is usually an "inappropriate vehicle" for dismissing a claim on statute-of-limitations grounds because the statute of limitations is an affirmative defense). "Examples of such disputed factual questions include claims that the defendant fraudulently concealed facts, thereby preventing the plaintiff from learning of its injury. . . and complex issues about whether information in the plaintiff's possession sufficed to alert it of the claim." *See Am. Premier Underwriters, Inc.*, 839 F.3d at 464.

This Court cannot conclude that Plaintiffs' claims are barred by the statute of limitations on the face of the complaint. The irregularities alleged in Plaintiffs' USCIS and the BIA proceedings over the last decade, (*see e.g.,* Doc. 1 ¶¶ 18, 27, 28, 61), suffice to raise a plausible inference that the applicable limitations period is subject to tolling. *See* Doc. 1, at 7. Further factual development may show that tolling is not warranted, but, on the present record, this Court must "construe the complaint in the light most favorable to [Plaintiff] and draw all reasonable inferences in [her] favor." *Golf Vill. N., LLC v. City of Powell*, 14 F.4th 611, 617 (6th Cir. 2021). Defendants' statute of limitations defense is thus rejected, at least for now. See *In re Nat'l Prescription Opiate Litig.*, 440 F. Supp. 3d 773, 788 (N.D. Ohio 2020) (declining to dismiss "any claim as barred in part by statutes of limitations at this early stage of the proceedings"). *Cf. Rembisz v. Lew*, 590 F. App'x 501, 504 (6th Cir. 2014) ("While statute of limitations ... issues are susceptible to resolution on a motion to dismiss if a plaintiff affirmatively pleads himself out of court . . . a plaintiff need not respond to a motion to dismiss with affirmative matter raising a triable issue of fact on an affirmative defense.").

Although this Court denies Defendants' Rule 12(b)(6) motion on statute-of-limitation grounds, Defendants are not foreclosed from raising these issues at the proper time and on the proper record.

### E. Finality of Challenged Agency Actions

Defendants also argue that, because the BIA had not issued a decision on Plaintiffs' appeal of the I-130/I-360 denial at the time Plaintiffs filed this action, the USCIS decision was not a "final" decision subject to judicial review under the APA. Doc. 11-1, at 6–7. This is so, Defendants contend, even if Plaintiffs are not *required* by statute to exhaust their administrative appeals before filing suit in federal court. *Id.*

To constitute "final agency action," an agency's action must "mark the consummation of the agency's decision-making process . . . [and] must not be of a tentative or interlocutory nature;" in addition, "the action must be one by which rights or obligations have been determined, or from which legal consequences will flow." *Air Brake Systems, Inc. v. Mineta*, 357 F.3d 632, 638 (6th Cir. 2004); *see also Franklin v. Massachusetts*, 505 U.S. 788, 797 (1992) ("The core question is whether the agency has completed its decision-making process, and whether the result of that process is one that will directly affect the parties.").

According to Defendants, Plaintiffs' decision to pursue an administrative appeal, albeit voluntary, rendered USCIS's decision non-final. (Doc. 11-1, at 6-7). Defendants' argument, however, cannot be reconciled with the Supreme Court's decision in *Darby v. Cisneros*, 509 U.S. 137 (1993), which outlined the two ways in which an agency "may avoid the finality of an initial decision." *See id.* at 147. Agencies may dislodge finality "first, by adopting a rule that an agency appeal be taken before judicial review is available, and, second, by providing that the initial decision would be 'inoperative' pending appeal." *Id.*

Defendants concede that Plaintiffs were not required to appeal the USCIS denial to the BIA, *see* Doc. 11-1, at 6, so they fail at the first prong. *See Bangura*, 434 F.3d at 498 ("Where an intra-agency appeal is optional . . . the APA does not require a plaintiff to appeal prior to

filing suit in federal court." (citing *Darby*, 509 U.S. at 147)). As to the second prong, Defendants offer no support for the proposition that mere filing of a BIA appeal renders the challenged USCIS decision "inoperative" pending the BIA's review. *Darby*, 509 U.S. at 147. To accept Defendants' argument would result in the "fundamental inconsistency" that the Supreme Court cautioned against, "requiring a person to continue 'exhausting' administrative processes after administrative action has become, and while it remains, effective." *Darby*, 509 U.S. at 147-48 (citing S. Rep. No. 752, 79th Cong., 1st Sess., 27 (1945)).

Additionally, the APA authorizes courts both to set aside final agency action found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. §§ 704, 706(2), *and* compel an "agency action unlawfully withheld or unreasonably delayed," *id.* § 706(1). While the USCIS denial might constitute an agency *action* under § 706(2) that was, as Defendants contend, not yet "final" given the pending BIA appeal, Defendants ignore that Plaintiffs also invoke the agency's *inaction* or *delay* under § 706(1), (*see* Doc. 1 ¶ 1), and fail to address "finality" in the context of that provision. *See Sw. Williamson Cnty. Cmty. Ass'n, Inc. v. Slater*, 173 F.3d 1033, 1037 (6th Cir. 1999) (noting that although "'final agency action' has not occurred as required under the terms of 5 U.S.C. § 704 . . . the APA also allows a court to 'compel agency action unlawfully withheld or unreasonably delayed,' 5 U.S.C. § 706(1), so a federal agency cannot avoid application of the APA simply by refusing to act").[12]

---

[12] Even if this Court were to endorse Defendants' argument that the USCIS decision was not final pending the BIA appeal, *see e.g.*, *King v. McAleenan*, No. 19-13454, 2020 WL 3412277, at *3 (E.D. Mich. June 22, 2020), it is not clear to this Court—and the parties have not briefed— what effect, if any, the BIA's denial of Plaintiffs' appeal *after this action was initiated* (Doc. 26) has on this litigation, including whether Defendants' "finality" arguments still apply.

Courts determine the sufficiency of APA claims under 5 U.S.C. § 706(1) based on six factors laid out in *Telecommunications Research & Action Center v. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984) ("*TRAC*"): (1) the time agencies take to make decisions must be governed by a rule of reason; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is "unreasonably delayed." *TRAC*, 750 F.2d at 79 (citations and quotation marks omitted). Defendants do not argue that the Plaintiffs fail to satisfy the *TRAC* factors, or even address them at all. Defendants thus do not show that Plaintiffs fail to state APA claims under §706(1) to warrant dismissal.

Dismissal under Rule 12(b)(6) is particularly inappropriate where, as here, Plaintiffs' claims involve unresolved factual disputes and the Court is presented with an undeveloped record. *See Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 519 (6th Cir. 1999). Under the APA, the role of the court is "to 'review the whole record' compiled by the agency when evaluating the lawfulness of an agency decision." *Sierra Club v. Slater*, 120 F.3d 623, 638 (6th Cir. 1997) (internal quotation marks omitted). This means that judicial review of the agency's decision "turns on the record before the agency at the time of its decision, not on later evidence developed outside the administrative record." *Klein v. U.S. Dep't of Energy*, 753 F.3d 576, 580 (6th Cir. 2014) (quoting 5 U.S.C. § 706(2)); *see also Camp v. Pitts*, 411 U.S. 138, 142 (1973) (per

15

curiam) ("[T]he focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court."); *S. Forest Watch, Inc. v. Jewell*, 817 F.3d 965, 977 (6th Cir. 2016) (administrative record consists of those "materials compiled by the agency at the time its decision was made"). Supplementing the administrative record is further appropriate "when an agency has deliberately or negligently excluded certain documents from the record, or when a court needs certain background information to determine whether the agency has considered all relevant factors." *Jewell*, 817 F.3d at 977.

Defendants have declined to file an administrative record in this case, leaving this Court to "conduct the equivalent of an archaeological dig" through the parties' filings to determine the sufficiency of Plaintiffs' claims. *John B. v. Emkes*, 710 F.3d 394, 406 (6th Cir. 2013). Not only does this strategy *not* aid Defendants, but it is also woefully unhelpful to both Plaintiffs and reviewing courts. Few aliens are likely to command, as it is, a thorough knowledge of the dizzying complexity of immigration laws of a nation of which they are not citizens. Without the underlying factual record, they are doomed to repetitious administrative process—and courts to expenditure of judicial resources—without conceivable recourse.

In short, this Court is not persuaded, at least on the present record, that Plaintiffs' APA claims fail as a matter law.[13]

---

[13] Defendants also argue that "Plaintiffs have not pleaded that Ms. Heng's children have applied for any immigration benefit," or cite to any agency decision "issued within the six-year statute of limitations that relate[] to Ms. Heng's children." Doc. 11-1, at 7. Defendants elsewhere acknowledge, however, that Plaintiffs do allege that Ms. Heng's children filed I-485 applications but urge dismissal on statute-of-limitation grounds. *Id.* at 7–8, n.4. Because the Court declines to entertain statute-of-limitations arguments at this stage, *see infra* Part III.D, and the question of whether I-485 applications were filed is fact-based inquiry, Defendants' motion to dismiss Ms. Heng's children's claims is denied.

**IV.     CONCLUSION**

For the reasons stated, the Court **DENIES** the Motion to Dismiss (Doc. 11).

**IT IS SO ORDERED.**

September 30, 2024

Jeffery P. Hopkins
United States District Judge